

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,914-01

### EX PARTE JARED DANIEL MCCULLOUGH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR15-0397-392-A IN THE 392ND DISTRICT COURT FROM HENDERSON COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of burglary of a  habitation and sentenced to 12 years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

First, Applicant contends that his plea was involuntary due to ineffective assistance of counsel. Specifically, he avers that he informed defense counsel of his mental illness, and Applicant's mother gathered medical records documenting Applicant's mental illness, but defense counsel informed them that Applicant's mental illness "did not matter." Applicant asserts that defense counsel did not independently investigate Applicant's mental illness. And although Applicant requested a mental health evaluation to determine his competence, defense counsel did

not attempt to obtain such an evaluation. Instead, defense counsel informed Applicant that he had already obtained "a deal." Applicant "[is] and was not fit to stand trial or fight [his] case."

Applicant further states that defense counsel did not "even try" to prepare a defense, although Applicant told counsel that the house he was charged with burglarizing was his own home. Applicant avers that he was led to believe that he was pleaded guilty on exchange for a non-aggravated sentence, but while in TDCJ, he learned that the sentence was aggravated. He argues that, as a result of defense counsel's errors, Applicant's guilty plea was invalid and involuntary.

Second, Applicant contends that TDCJ is requiring him to serve his sentence as if it is aggravated. Our review of the record indicates that the State abandoned the deadly weapon finding as part of the plea agreement. And while the initial judgment was unclear concerning the deadly weapon finding, the two nunc pro tunc judgments expressly abandoned the deadly weapon allegation. All three judgments reflect that this conviction was for a second-degree felony.

Applicant has alleged facts concerning his ineffective assistance claims and his claim that his sentence is being improperly treated as aggravated that, if true, might entitle him to relief. *Brady v. United States*, 397 U.S. 742 (1970); TEX. CODE CRIM. PROC. arts. 42.03, 42A.559, 42.0199. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In addition, the trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of the relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint

counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea was involuntary and as to whether his sentence is being improperly treated as aggravated. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: September 29, 2021

Do not publish